Filed 10/16/25  P. v. Dene CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID CHRISTOPHER DENE,<br><br>    Defendant and Appellant. | D085212<br><br><br>(Super. Ct. No. SCD301466) |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed.

Annie Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

David Christopher Dene appeals from a judgment following his guilty plea to possession for sale of a controlled substance and a misdemeanor failure to appear, in exchange for a stipulated sentence of two years of formal probation with conditions including successful completion of a residential treatment program.

Appellate counsel filed a brief presenting no argument for reversal but inviting this court to review the record for error under *People v. Wende* (1979)

25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We offered Dene the opportunity to file his own brief on appeal, but he has not done so. Having independently reviewed the entire record for error as required by *Anders* and *Wende*, we affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Law enforcement officers saw Dene smoking from a glass pipe on Fiesta Island in a tent that was open on two sides. When they tried to arrest Dene for use of a controlled substance, Dene struggled against the officers and attempted to flee. Incident to the arrest, officers searched Dene and found $1,254 in cash in his pocket. Inside his backpack and tent officers found a digital scale, hundreds of 2x2-inch plastic baggies, a small bag containing a crystalline substance, a half-gallon Ziplock bag containing a crystalline substance within a Honey Maid graham cracker box, and a cell phone. The crystalline substance totaled 486.3 grams of methamphetamine. After Dene was released, he failed to appear for court.

Dene was charged with possession for sale of a controlled substance in violation of Health and Safety Code[1] section 11378, possession of paraphernalia used for narcotics in violation of section 11364, resisting an officer in violation of Penal Code section 148, subdivision (a)(1), and failure to appear in violation of Penal Code section 1320, subdivision (b). The complaint alleged four prior felonies, including two prior possession for sale convictions in 1995 and 2005.

Dene pled guilty to one count of possession for sale of a controlled substance and a misdemeanor failure to appear. The parties' agreement provided Dene would be placed on formal probation for two years with

---

[1] All further statutory references are to the Health and Safety Code unless otherwise indicated.

conditions including successful completion of a residential treatment program.

On the day of sentencing, Dene made a *Marsden*[2] motion, which was denied.  The court sentenced Dene consistent with the terms of the plea agreement.

## DISCUSSION

Appellate counsel filed a *Wende* brief asking the court to review the record for error.  To assist the court in its review and in compliance with *Anders*, counsel identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1) The trial court's rejection of Dene's *Marsden* motion; and

2) The trial court's imposition of an electronic search condition as a condition of probation, over objection by the defense.

We have reviewed the entire record as required by *Wende* and *Anders* and have considered the possible issues identified by Dene's counsel.  We found no reasonably arguable issues supporting a reversal.

Competent counsel has represented Dene in this appeal.

---

[2]     *People v. Marsden* (1970) 2 Cal.3d 118.

DISPOSITION

The judgment is affirmed.

                                                            BUCHANAN, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.